UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

5:18-cr-00046-D-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | SENTENCING MEMORANDUM |
| ANDREW DAVID PHILLIPS | ) | |
| Defendant. | ) | |

NOW COMES Defendant Andrew David Phillips, by and through the undersigned attorney, and respectfully submits this Sentencing Memorandum. While acknowledging his wrongdoing, Mr. Phillips respectfully asks the Court, after consideration of all relevant factors, to consider Mr. Phillips' request herein for a deviation from the United States Sentencing Guidelines. Mr. Phillips further requests the Court consider recommending the sentence to be served near his family at the Federal Correctional Complex in Butner, North Carolina.

I. **STATEMENT OF FACTS**

Mr. Phillips is a resident of Franklinton, North Carolina. He has lived in the Wake County area with his family for 25 years. He graduated from Franklinton High School in 2010 and immediately started working full-time as an emergency medical technician (EMT). Mr. Phillips had been taking a variety of fire safety classes at Vance-Granville Community College since 2005, and he would continue with these courses through 2017. After high school he moved out of his father's house, maintained his own residence, and had successful relationships. Mr. Phillips was employed by the United States Post Office when arrested for this offense, an offense which is in stark contrast to the rest of Mr. Phillips contributions to his community. Mr. Phillips has no prior

1

criminal history. He has never tried illegal substances, and he rarely drinks alcohol. His mother, father, and sister live in the area and support him morally and emotionally. When arrested on April 21, 2017, Mr. Phillips cooperated, giving an unprotected statement of admission and helping investigators access his electronic devices. He immediately took responsibility.

Mr. Phillips accessed a dark corner of the information that is available through the internet and internet-connected devices. Through internet-connected services, he shared disturbing files with other individuals whom he did not know personally know. An investigation in Washington, D.C. led investigators to an individual in Illinois. Following that individual's arrest, Mr. Phillips became a target. Mr. Phillips was not one of the potential hands-on child abuser targets of the investigation. Nonetheless, Mr. Phillips knows that there are victims of his offense even through possession and sharing of images. There are no allegations Mr. Phillips participated in any hands-on activity.

On April 21, 2017, Mr. Phillips was arrested by state law enforcement officials for 15 counts of second degree exploitation of a minor in Wake County, North Carolina. He was 26 years old at the time of his arrest. His matter had been investigated by federal law enforcement officials and was later referred to the United States Attorney's Office, Eastern District of North Carolina. On February 13, 2018, Mr. Phillips was charged with one count of distribution of child pornography pursuant to Information. He pleaded guilty on March 20, 2018 pursuant to a plea agreement with the Government. He has been in custody since his arrest on April 21, 2017.

## II. ARGUMENT AND REQUEST FOR SHORT PERIOD OF CONFINEMENT

### A. *Consideration of the factors listed in 18 U.S.C. § 3553.*

"The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes of [sentencing]," 18 U.S.C. § 3553(a), and in aid thereof "[n]o limitation shall

2

be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. The purposes, as set forth in 18 U.S.C. § 3553(a)(2)(A)-(D) "include the need for the sentence imposed:

- to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
- to afford adequate deterrence to criminal conduct;
- to protect the public from further crimes of the defendant; and
- to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."

Section 3553(a) also directs sentencing courts to consider a number of additional factors as well, including:

- the nature and circumstances of the offense, 18 U.S.C. § 3553(a)(1);
- the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1);
- the kinds of sentences available, 18 U.S.C. § 3553(a)(3);
- the kinds of sentence and the sentencing guideline range established, 18 U.S.C. § 3553(a)(4);
- any pertinent policy statements issued by the Sentencing Commission, 18 U.S.C. § 3553(a)(5);
- the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, 18 U.S.C. § 3553(a)(6); and
- the need to provide restitution to any victims of the offense, 18 U.S.C. § 3553(a)(7).

As *Booker* emphasized, under the Sentencing Reform Act, "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." *Booker*, 543 U.S. 220, 251 (citing 18 U.S.C. § 3661). After *Booker*, courts are therefore required to consider factors which the guidelines discourage or reject, such as Mr. Phillips' vocational skills (U.S.S.G. § 5H1.2), his employment record (U.S.S.G. § 5H1.5), and his family circumstances (U.S.S.G. § 5H1.6). *See Kimbrough v. United States*, 552 U.S. 85, 101 (2007) (noting that, while § 3553(a) requires the sentencing court to give due consideration to the Guidelines, *Booker* allows the sentencing court to fashion the sentence in light of other statutory considerations).

In *United States v. Reyna*, 2009 WL 1921387 (4th Cir. 2009), the Court in citing 18 U.S.C. § 3661 (2006) stated, "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." *Id.* at * 1. Additionally, in *United States v. Taylor,* 2010 WL 145128 (4th Cir 2010), the Fourth Circuit affirmed a downward departure where the district court in considering the factors under 18 U.S.C. § 3553(a) granted the defendant's request for a downward variance. *Id.* at * 2.

### B. <u>*Consideration of Specific Offender Characteristics.*</u>

#### a. *Acceptance of Responsibility.*

As discussed above, Mr. Phillips cooperated immediately upon being approached by law enforcement. He gave an unprotected statement where he confessed. He then helped investigators by giving them access to his electronic devices which provided evidence against him. Mr. Phillips later cooperated with the Untied Sates Attorney's Office, Eastern District of North Carolina in

4

pleading guilty to this charge pursuant to Information and Plea Agreement with the Government. He Has cooperated in every way he could.

### b. *Good Character and Work Ethic.*

In his 27 years Mr. Phillips has shown he has more to offer society and his community than the conduct that has brought him before this Court. He was been employed since he was in high school. After graduating, he began work as an EMT having already taken the necessary advanced courses to become certified as an EMT. This position shows both his drive to undertake advanced vocational training to enrich his employment and his desire to benefit his community. Mr. Phillips continued to attend a variety of fire safety courses when employed by the Untied States Post Office so he could resume his role as an EMT or become work as an emergency responder with the Fire Services Department at some point. He has displayed an aptitude for vocational training.

During his life, Mr. Phillips has not engaged in other criminal activity and has not abused alcohol or other illegal substances. He has had the support of his family and friends, and has lived an otherwise quit, law-abiding life.

### c. *A short period of confinement is sufficient to comply with the purposes of sentencing.*

Mr. Phillips knows what he did was wrong and has acknowledged wrongdoing. While involved, Mr. Phillips did not participate in the manufacturing of illegal pornography. Mr. Phillips has gone his entire life without anything more than a traffic ticket. He does not use illegal substances and does not abuse alcohol. A lengthy sentence is not necessary to compel Mr. Phillips' respect for the law or deter future criminal activity. Similarly, Mr. Phillips is not a danger to the public. There is no evidence of any hands-on criminal activity here and there is no history of victim-based offense conduct. Thus, a lengthy sentence is not necessary to protect the public. Mr. Phillips will forever be a convicted felon and register on the Sex Offender Registration. Mr. Philips

5

Case 5:18-cr-00046-D   Document 33   Filed 01/17/19   Page 5 of 7

has a history of successful employment and contribution to his community.  He has worked since he was in high school, and through his employment history and EMT certification has shown he can succeed as a contributing member of his community.  Mr. Phillips is a young man with an otherwise clean criminal history.  He has shown that he has more to offer the community than what has brought him before this Court.  Time away from the community and employment would only impeded Mr. Phillips re-integration to his community.  For the reasons stated above, a short period of confinement is sufficient to comply with the purposes of sentencing and departure from the Sentencing Guidelines is warranted when factoring in specific offender characteristics listed in Chapter 5 Part H.

## CONCLUSION

As the court in *Gall* stated, the sentencing judge should consider every convicted person as an individual and every case as unique.  Gall v. United States, 552 U.S. 38, 52 (2007).  A short period of confinement in Mr. Phillips' case is sufficient.  A lengthy sentence is greater than necessary to comply with the purposes of sentencing.

Respectfully submitted this the 21st day of November, 2018.

**Landon White Law Firm, PLLC**

By:     /s/ D. Landon White
          D. Landon White, NCSB# 45120
          555 Fayetteville St. #201
          Raleigh, NC 27601
          Telephone:  (919) 719-3905
          lwhite@landonwhitelaw.com

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **Fourth Motion to Continue Sentencing Hearing** with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following:

>Donald Pender
>United States Department of Justice
>310 New Bern Avenue, Suite 800
>Raleigh, NC 27601
>Donald.pender@usdoj.gov

>**Landon White Law Firm, PLLC**
>
>By: /s/ D. Landon White
>D. Landon White, NCSB# 45120
>555 Fayetteville St. #201
>Raleigh, NC 27601
>Telephone: (919) 719-3905
>lwhite@landonwhitelaw.com

7

Case 5:18-cr-00046-D   Document 33   Filed 01/17/19   Page 7 of 7